Carolyn Hunt Cottrell (SBN 166977)
Ori Edelstein (SBN 268145)
Kristabel Sandoval (SBN 323714)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
oedelstein@schneiderwallace.com
ksandoval@schneiderwallace.com

*Attorneys for Plaintiff, the Class, and the Collective*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VANESSA CANO, on behalf of all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>GC SERVICES LIMITED PARTNERSHIP,<br><br>Defendant. | Case No. _____<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>(1) Violation of the Fair Labor Standards Act- Failure to Pay Overtime Compensation (29 U.S.C. §§ 201, *et seq.*)<br><br>(2) Failure to Pay for All Hours Worked (Cal. Lab. Code § 204);<br><br>(3) Failure to Pay Minimum Wage and Liquidated Damages (Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);<br><br>(4) Failure to Pay Overtime Wages (Cal. Lab. Code § 510);<br><br>(5) Failure to Provide Meal Periods (Cal. Lab. Code §§ 226.7 and 512);<br><br>(6) Failure to Provide Rest Periods (Cal. Lab. Code §§ 226.7); |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(7) Failure to Timely Reimburse for Necessary Business Expenditures (Cal. Lab. Code § 2802);

(8) Waiting Time Penalties (Cal. Lab. Code §§ 201-203);

(9) Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code §§ 201-203);

(10) Unfair Business Practices (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).

**DEMAND FOR JURY**

# **INTRODUCTION**

1.      Plaintiff Vanessa Cano ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class and collective action against Defendant GC Services Limited Partnership ("Defendant" or "GC Services").

2.      Throughout the relevant time period, Plaintiff and putative Class and Collective members have been denied payment for all hours worked, including minimum wage and overtime, and have been forced to wait in security-check lines and complete additional tasks while off-the-clock without compensation. Additionally, Plaintiff, Class, and Collective members have been denied proper meal and rest breaks, and have been denied reimbursements for necessary business expenses.

3.      Plaintiff brings these claims to challenge Defendant's practices of: (1) failing to compensate Plaintiff, Class, and Collective members for all hours worked; (2) failing to pay Plaintiff, Class, and Collective members all minimum wages owed; (3) failing to pay Plaintiff, Class, and Collective members overtime wages; (4) failing to provide adequate meal periods and rest breaks; (5) failing to reimburse necessary business expenses; (6) failing to pay all wages owed upon separation of employment; and (7) failing to provide accurate, itemized wage statements.

4.      As a result of the violations stated herein, Plaintiff, on behalf of herself as well as the putative Class and Collective members, seeks compensation, damages, penalties, and interest to the full extent permitted by the FLSA, the California Labor Code, and Industrial Welfare Commission ("IWC") Wage Orders.

5.      Defendant is also liable for violation of the Unfair Competition Law, Business and Professions Code §§ 17200 *et seq*. ("UCL").

6.      Plaintiff seeks declaratory, equitable, and injunctive relief, including restitution.

7.      Finally, Plaintiff seek reasonable attorneys' fees and costs under the FLSA, the Labor Code, and California Code of Civil Procedure § 1021.5.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

1

## **SUBJECT MATTER JURISDICTION AND VENUE**

2      8.      This Court has federal question jurisdiction over this action pursuant to 28

3   U.S.C. § 1331.  This Court has supplemental jurisdiction over Plaintiff's state law claims

4   pursuant to 28 U.S.C. § 1367 and Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

5      9.      Currently, and at the time of the filing of this action, this Court also has

6   federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are completely

7   diverse in citizenship and the amount in controversy for Plaintiff's claims each exceed

8   the sum or value of $75,000.

9      10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. A

10  substantial part of the events or omissions giving rise to Plaintiff's claims occurred in

11  this judicial district.

12

## **PARTIES**

13      11.      Plaintiff Vanessa Cano is an individual over the age of eighteen, and at all

14  times relevant to this Complaint was a resident of Los Angeles County, California.

15  Plaintiff was employed as a non-exempt regional superior court representative by

16  Defendant in Los Angeles County, California from approximately March 2017 through

17  September 2019. Plaintiff continued working for Defendant as an administrative

18  assistant until approximately May 2020.

19      12.      Plaintiff is informed, believes, and thereon alleges that Defendant GC

20  Services Limited Partnership is a Delaware corporation with its principal place of

21  business located in Houston, Texas, and is registered to do business in California.

22      13.      At all material times, Defendant has done business under the laws of

23  California, and has had places of business in California. Defendant is a "person" as

24  defined in Cal. Lab. Code § 18 and "employer" as that term is used in the Cal. Lab. Code,

25  the FLSA, the IWC Wage Orders regulating wages, hours, and working conditions, and

26  the Cal. Bus. & Prof. Code § 17201.

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

# **FACTUAL ALLEGATIONS**

14.     Defendant operates as a provider of contact center outsourcing services throughout the United States and California.

15.     Plaintiff worked for Defendant in various cities in the County of Los Angeles in California as a regional superior court representative and administrative assistant, both non-exempt positions, from approximately March 2017 through May 2020. Plaintiff was paid at an hourly rate of between approximately $15.40 and $18.30 during her employment with Defendant. On average, Plaintiff worked over forty (40) hours per week. Plaintiff often worked shifts in excess of eight (8) hours and worked five shifts a week.[1]

16.     Plaintiff is informed, believes, and thereon alleges that Class and Collective members were and are employed by Defendant throughout California and nationwide, including in this district, and perform work materially similar to Plaintiff. Defendant pays and/or paid Class and Collective Members, including Plaintiff, on an hourly rate basis.

17.     Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendant have at all relevant times been similar for Plaintiff, Class, and Collective members, regardless of the facilities' location in California.

18.     Class and Collective members are required to follow and abide by common work, time, and pay policies and procedures in the performance of their jobs and duties.

19.     At the end of each pay period, Class and Collective members receive wages from Defendant that are determined by common systems and methods that Defendant selects and controls.

---

[1] As just a few examples, in January 2020 alone, Plaintiff recorded overtime hours for working in excess of 8 hours in a day on January 2, 2020, January 9, 2020, January 10, 2020, January 14, 2020, January 16, 2020, January 22, 2020, January 24, 2020, January 27, 2020, January 29, 2020, January 30, 2020, and January 31, 2020. For several other days in January 2020, Plaintiff recorded 8 or close to 8 hours in a shift, which would have resulted in overtime hours had off-the-clock work been recorded. Plaintiff also worked at least 40 hours per week on several weeks, including the week of January 13, 2020 through January 17, 2020.

20.    As a matter of policy and/or practice, Defendant routinely fails to compensate Plaintiff, Class, and Collective members for all hours worked, including at a minimum wage and overtime rate. Defendant routinely provides Plaintiff, Class, and Collective members with a set of tasks they are required to complete that require more than eight (8) hours of work in a day or forty (40) hours of work in a week to complete. However, Defendant does not permit Plaintiff, Class, and Collective members to record overtime hours worked. Therefore, Plaintiff, Class and Collective members are required to clock out before completing all the assigned tasks and then continue working off-the-clock to complete the assigned tasks. These extra tasks typically took Plaintiff approximately thirty (30) minutes per day to complete.

21.    Further, when working as a non-exempt regional superior court representative between approximately March 2017 and September 2019, Plaintiff, Class, and Collective members were required to go through security screening while off-the-clock when beginning their day and when returning from meal periods. These security screenings took Plaintiff approximately three to four minutes and occurred twice per day.

22.    As a result of these policies, Defendant denies Plaintiff, Class and Collective members compensation which they are lawfully owed resulting from the additional off-the-clock, pre- and post-shift work.

23.    Defendant also routinely fails to authorize and permit Plaintiff, Class, and Collective members to take legally compliant meal periods. Plaintiff, Class, and Collective members are regularly forced to take late meal periods after the fifth hour of work, and frequently have to work during meal periods because of the volume of tasks assigned to them.

24.    Defendant also fails to provide Plaintiff, Class, and Collective members with all required rest breaks. Plaintiff, Class, and Collective members regularly miss, work through, are interrupted during, or take late rest breaks, in order to complete the work assigned to them by Defendant. For example, Plaintiff was often required to be in

4

meetings that would run through the time period when she should have been provided with a rest break.

25. Despite these violations, Defendant fails to pay the required premium pay for all noncompliant meal and rest periods.

26. Furthermore, Defendant fails to reimburse Plaintiff, Class, and Collective members for all necessary business expenses. For example, Defendant required Plaintiff to use her personal vehicle for substantial amounts of travel for the benefit of Defendant, as well as use her personal cell phone and cell service for business purposes. However, Defendant limited mileage reimbursement to $25 per week which did not cover all of Plaintiff's expenses, and did not pay for use of Plaintiff's personal cell phone and service. Class and Collective members were similarly not reimbursed for their necessary business expenses.

27. Defendant's wage-and-hour abuse also includes routinely failing to maintain true and accurate records of the hours worked by Plaintiff, Class, and Collective members. In particular, Defendant fails to record hours that Plaintiff, Class, and Collective members worked off-the-clock.

28. Defendant's method of paying Plaintiff, Class, and Collective members is willful and not based on a good faith and reasonable belief that its conduct complied with the FLSA and California law.

29. Defendant's conduct is willful, is carried out in bad faith, and caused significant damages to Plaintiff, Class, and Collective members in an amount to be determined in trial.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

30. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) as to claims for failing to pay Plaintiff and Collective members for overtime hours worked over 40 hours per week, liquidated damages, and attorneys' fees and costs under the FLSA. The FLSA Collective that Plaintiff seeks to represent is defined as follows:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**All current and former hourly, non-exempt employees employed by Defendant nationwide during the time period three years prior to the filing of this Complaint until resolution of this action (the "Collective").**

31.    Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the Collective members.

32.    The Collective members are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work without compensation in violation of the FLSA.

33.    Collective members regularly work or have worked in excess of forty hours during a at least one workweek.

34.    Collective members are not exempt from receiving overtime compensation under the FLSA.

35.    Defendant's failure to pay overtime compensation as required by the FLSA resulted from generally applicable policies and practices and did not depend on the personal circumstances of FLSA Collective members.

36.    Plaintiff is representative of the Collective members and is acting on behalf of their interests, as well as Plaintiff's own interests, in bringing this action.

37.    Plaintiff will fairly and adequately represent and protect the interests of Collective members. Plaintiff has retained counsel competent and experienced in employment class action and collective action litigation.

38.    Plaintiff and Collective members' claims arise from a common nucleus of operative facts; namely, the continued and willful failure of Defendant to comply with its obligation to legally compensate its employees. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all Collective members. Defendant has a plan, policy, or practice of not recording or paying Plaintiff and Collective members for work performed during interrupted, interruptible, or missed meal and rest breaks. Defendant also required Collective members to wait in security-check

6

1   lines while off-the-clock. Additionally, Defendant does not provide Plaintiff and
2   Collective members with sufficient time to complete all tasks assigned and does not
3   allow them to record overtime work. These unpaid hours are typically worked in excess
4   of 40 hours per week, and therefore the failure to track or compensate Plaintiff and
5   Collective members for these hours results in a violation of the FLSA.

6        39.    The similarly situated Collective members are known to Defendant, are
7   readily identifiable, and may be located through Defendant's records. These similarly
8   situated employees may readily be notified of this action and allowed to "opt-in" to this
9   case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their
10  claims for unpaid wages, liquidated damages (or, alternatively, interest), and attorneys'
11  fees and costs under the FLSA.

12              **RULE 23 CLASS ACTION ALLEGATIONS**

13       40.    Plaintiff re-allege and incorporates the foregoing paragraphs as though fully
14  set forth herein.

15       41.    Plaintiff brings causes of action as a class action on behalf of herself and
16  all others similarly situated pursuant to Federal Rule of Civil Procedure 23(a) and
17  (b)(3). The Class that Plaintiff seeks to represent is defined as follows:

18  **All current and former hourly, non-exempt employees**
    **employed by Defendant in California any time starting**
19  **four years prior to the filing of this Complaint until**
    **resolution of this action ("Class").**
20

21       42.    This action has been brought and may properly be maintained as a class
22  action because there is a well-defined community of interest in the litigation and the
23  proposed class is easily ascertainable.

24       43.    <u>Numerosity</u>:  The potential members of the class are so numerous that
25  joinder of all the members of the Class is impracticable. Plaintiff is informed and
26  believes that the number of Class members exceeds 100. This volume makes bringing
27  the claims of each individual member of the class before this Court impracticable.
28  Likewise, joining each individual member of the Class as a plaintiff in this action is

1  impracticable. Furthermore, the identities of the Class will be determined from
2  Defendant's records, as will the compensation paid to each of them. As such, a class
3  action is a reasonable and practical means of resolving these claims. To require
4  individual actions would prejudice the Class and Defendant.

5      44.   <u>Commonality</u>:  There are questions of law and fact common to Plaintiff and
6  the Class that predominate over any questions affecting only individual members of the
7  Class. These common questions of law and fact include, but are not limited to:

8          a.  Whether Defendant fails to compensate Class members for all hours
9              worked, including as minimum wage and overtime compensation, in
10             violation of the Labor Code and Wage Orders;

11         b.  Whether Defendant has a policy and/or practice of requiring Class
12             members to be in the control of, spend time primarily for the benefit of,
13             and work for Defendant off-the-clock and without compensation;

14         c.  Whether Defendant fails to properly pay overtime compensation, at
15             either one and one-half times or double the regular rate of pay, to Class
16             members in violation of the Labor Code and Wage Orders;

17         d.  Whether Defendant has a policy and/or practice of failing to provide
18             compliant meal and rest periods, in violation of the Labor Code and
19             Wage Orders;

20         e.  Whether Defendant has a policy and/or practice of failing reimburse for
21             all necessary business expenses, in violation of the Labor Code;

22         f.  Whether Defendant has a policy and/or practice of failing to provide
23             timely, accurate itemized wage statements in violation of the Labor
24             Code and Wage Orders;

25         g.  Whether Defendant fails to pay all wages upon separation of
26             employment in violation of the Labor Code;

27         h.  Whether Defendant violates Business and Professions Code §§ 17200
28             et seq., by any of the above conduct; and

8

i. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the Class as alleged herein.

45. Typicality: Plaintiff's claims are typical of the claims of the Class. Defendant's common course of conduct in violation of law as alleged herein caused Plaintiff and Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the Class.

46. Adequacy of Representation: Plaintiff seeks relief for state law violations perpetrated by Defendant. In that sense, Plaintiff does not have any conflicts of interest with other Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

47. Superiority of Class Action: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all proposed Class members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each proposed Class member has been damaged and is entitled to recovery by reason of Defendant's illegal policies and/or practices. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

48. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendant.

49. If each individual Class member were required to file an individual lawsuit, Defendant would necessarily gain an unconscionable advantage because Defendant

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

1  would be able to exploit and overwhelm the limited resources of each member of the

2  Class with Defendant's vastly superior financial legal resources.

3      50.    Requiring each individual Class member to pursue an individual remedy

4  would also discourage the assertion of lawful claims by the Class members who would

5  be disinclined to pursue these claims against Defendant because of an appreciable and

6  justifiable fear of retaliation and permanent damage to their lives, careers and well-

7  being

8  **FIRST CAUSE OF ACTION**

9  **Violation of the Fair Labor Standards Act**

10  **Failure To Pay Overtime Compensation Pursuant to the 29 U.S.C. §§ 201, *et seq*.**

11  **(Against Defendant on behalf of the Collective)**

12      51.    Plaintiff realleges and incorporate by reference all preceding paragraphs as

13  though fully set forth herein.

14      52.    The FLSA requires that covered employees receive overtime compensation

15  not less than one and one-half times the regular rate of pay for all hours worked in

16  excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

17      53.    At all times material herein, Plaintiff and the Collective are covered

18  employees entitled to the rights, protections, and benefits provided under the FLSA. 29

19  U.S.C. §§ 203(e) and 207(a).

20      54.    Defendant is a covered employer required to comply with the FLSA's

21  mandates.

22      55.    Defendant violated the FLSA with respect to Plaintiff and the Collective,

23  by, *inter alia*, failing to compensate Plaintiff and the Collective for all overtime hours

24  worked at the legally mandated overtime premium for such work.

25      56.    Plaintiff and the Collective are victims of a uniform and company-wide

26  compensation policy that has been applied to employees of Defendant.

27      57.    Defendant intentionally and willfully requires Plaintiff and Class members

28  to complete work off-the-clock. For example, Defendant has a plan, policy, or practice

of not recording or paying Plaintiff and Collective members for work performed during interrupted, interruptible, or missed meal and rest breaks. Defendant also required Collective members to wait in security-check lines while off-the-clock. Additionally, Defendant does not provide Plaintiff and Collective members with sufficient time to complete all tasks assigned and does not allow them to record overtime work.  These unpaid hours are typically worked in excess of 40 hours per week, and therefore the failure to track or compensate Plaintiff and Collective members for these hours results in a violation of the FLSA.

58.    Plaintiff and the Collective are entitled to damages equal to the mandated pay, including overtime premium pay, within the three years preceding the filing of the complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

59.    Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

60.    Pay, including overtime compensation, has been unlawfully withheld by Defendant from Plaintiff and the Collective as a result of the Defendant's violations of the FLSA. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

61.    Wherefore, Plaintiff and the putative Collective request relief as hereinafter provided.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

1

## **SECOND CAUSE OF ACTION**

2

### **Failure to Pay for All Hours Worked**

3

### **Pursuant to the California Cal. Lab. Code § 204**

4

### **(Against Defendant on behalf of the Class)**

5      62.    Plaintiff realleges and incorporates the foregoing paragraphs as though

6    fully set forth herein.

7      63.    Defendant intentionally and willfully requires Plaintiff and Class members

8    to complete work off-the-clock. For example, Plaintiff and Class members are required

9    to wait in security-check lines while off-the-clock. Additionally, Defendant does not

10   provide Plaintiff and Class members with sufficient time to complete all tasks assigned

11   and does not allow them to record overtime work. As a result, Defendant fails to pay

12   Plaintiff and Class members for all hours worked and fails to track their actual hours

13   worked.

14     64.    Cal. Lab. Code section 204 provides in part that "all wages . . . earned by

15   any person in any employment are due and payable twice during each calendar month,

16   on days designated in advance by the employer as the regular paydays."

17     65.    Cal. Lab. Code section 1194(a) provides as follows:

18   Notwithstanding any agreement to work for a lesser wage, any employee
     receiving less than the legal minimum wage or the legal overtime

19   compensation applicable to the employee is entitled to recover in a civil
     action the unpaid balance of the full amount of this minimum wage or

20   overtime compensation, including interest thereon, reasonable attorneys'
     fees, and costs of suit.

21

22     66.    Cal. Lab. Code section 200(a) defines wages as "all amounts for labor

23   performed by employees of every description, whether the amount is fixed or

     ascertained by the standard of time, task, piece, commission basis, or other method of

24   calculation."

25     67.    Cal. Lab. Code § 1198 makes it unlawful for employers to employ

26   employees under conditions that violate the Wage Orders.

27

28

68. IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

69. Defendant requires Plaintiff and Class members to work off-the-clock without compensation. In other words, they are forced to perform work for the benefit of Defendant without compensation.

70. In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiff and Class members with compensation for all time worked. Defendant regularly fails to track all of the time Plaintiff and Class members actually worked or to compensate them for all hours worked.

71. Therefore, Defendant committed the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiff's and Class members' rights. Plaintiff and the Class are thus entitled to recover nominal, actual, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit.

72. As a proximate result of the aforementioned violations, Plaintiff and the Class have been damaged in an amount according to proof at time of trial.

73. Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **THIRD CAUSE OF ACTION**

### **Failure to Pay Minimum Wages**

### **Pursuant to Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1**

### **(Against Defendant on behalf of the Class)**

74. Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

75. Defendant fails to compensate Plaintiff and Class members with at least the minimum wage for all hours worked or spent in Defendant's control because it fails to pay minimum wages for all hours worked, including the off-the-clock work described above.

76.   California Labor Code §1194 states:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

77.   IWC Wage Order 4-2001(2)(K) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

78.   During the applicable statutory period, California Cal. Lab. Code §§ 1182.12 and 1197, and the Minimum Wage Orders, were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked at the rate of eleven dollars ($11.00) per hour commencing on January 1, 2018, twelve dollars ($12.00) per hour commencing on January 1, 2019, and thirteen dollars ($13.00) per hour commencing January 1, 2020, fourteen dollars ($14.00) commencing on January 1, 2021, and fifteen dollars ($15.00) commencing on January 1, 2022.

79.   Defendant maintains, and has maintained, policies and procedures which create a working environment where hourly employees are routinely compensated at a rate that is less than the statutory minimum wage. Plaintiff and Class members frequently work time off-the-clock during time spent completing assigned tasks without permission to record overtime, time spent working during meal breaks, and in security check lines, which is time worked that is uncompensated.

80.   As a direct and proximate result of the unlawful acts and/or omissions of Defendant, Plaintiff and Class members are deprived of minimum wages in an amount to be determined at trial and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, costs of suit pursuant to Cal. Lab. Code §§ 1194, 1194.2 and 1197.1.

81.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

## FOURTH CAUSE OF ACTION

### Failure to Pay Overtime Wages

### Pursuant to Cal. Lab. Code § 510

### (Against Defendant on behalf of the Class)

82.     Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

83.     Defendant does not properly compensate Plaintiff and Class members with appropriate overtime, including time and a half and double time, as required by California law for the off-the-clock work described above.

84.     Cal. Lab. Code § 510 provides as follows:

Eight hours of labor constitutes a day's work.  Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee.

85.     The IWC Wage Order 4-2001(3)(A)(1) states:

The following overtime provisions are applicable to employees 18 years of age or over and to employees 16 or 17 years of age who are not required by law to attend school and are not otherwise prohibited by law from engaging in the subject work. Such employees shall not be employed more than eight (8) hours in any workday or more than 40 hours in any workweek unless the employee receives one and one-half (1 ½) times such employee's regular rate of pay for all hours worked over 40 hours in the workweek. Eight (8) hours of labor constitutes a day's work. Employment beyond eight (8) hours in any workday or more than six (6) days in any workweek is permissible provided the employee is compensated for such overtime at not less than: . . . One and one-half (1 ½) times the employee's regular rate of pay for all hours worked in excess of eight (8) hours up to and including 12 hours in any workday, and for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a workweek; and … [d]ouble the employee's regular rate of pay for all hours worked in excess of 12 hours in any workday and for all hours worked in excess of eight (8) hours on the seventh (7th) consecutive day of work in a workweek.

86.    Cal. Lab. Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

87.    Cal. Lab. Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

88.    Defendant regularly requires Plaintiff and Class members to work in excess of eight hours per day and/or forty hours per week but does not compensate them at an overtime rate for all of this work.

89.    Plaintiff and the Class have worked overtime hours for Defendant without being paid overtime premiums in violation of the Cal. Lab. Code, applicable IWC Wage Orders, and other applicable law.

90.    Defendant has knowingly and willfully refused to perform their obligations to compensate Plaintiff and Class members for all premium wages for overtime work, including the off-the-clock work described herein. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and Class members in amounts to be determined according to proof at time of trial.

91.    Defendant is liable to Plaintiff and the Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

92.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## **FIFTH CAUSE OF ACTION**

### **Failure to Authorize and Permit and/or Make Available Meal Periods**

### **Pursuant to Cal. Lab. Code §§ 226.7 and 512**

### **(Against Defendant on behalf of the Class)**

93.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

94.    Defendant routinely fails to make timely meal periods available to Plaintiff and Class members. Despite long days Plaintiff and Class members are often unable to take meal breaks before the fifth hour of work, are frequently subjected to interruption when they attempted a meal break, or do not get these breaks at all.

95.    Plaintiff and Class members are not paid one hour of premium pay for their noncompliant meal breaks.

96.    Cal. Lab. Code §§ 226.7 and 512 and the applicable Wage Order require Defendant to authorize and permit meal periods to its employees. Cal. Lab. Code §§ 226.7 and 512 and the Wage Orders prohibit employers from employing a non-exempt worker for more than five (5) hours without providing an off-duty meal period of not less than thirty (30) minutes, and from employing a non-exempt worker for more than ten (10) hours per day without providing a second off-duty meal period of not less than thirty (30) minutes.

97.    Under Cal. Lab. Code § 226.7(b) and the applicable Wage Orders, an employer who fails to provide a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

98.    Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and Class members the ability to take the compliant meal periods to which they are entitled.

99.    Defendant also fails to pay Plaintiff and Class members one hour of pay for each day they are denied a compliant meal period.

1    100.   Defendant's conduct described herein violates Cal. Lab. §§ 226.7 and 512.
2    Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class members are
3    entitled to compensation for the failure to authorize and permit and/or make available
4    meal periods, plus interest, attorneys' fees, expenses, and costs of suit.

5    101.   As a proximate result of the aforementioned violations, Plaintiff and Class
6    members have been damaged in an amount according to proof at time of trial.

7    102.   Wherefore, Plaintiff and the putative Class request relief as hereinafter
8    provided.

9    ### SIXTH CAUSE OF ACTION

10   **Failure to Authorize and Permit and/or Make Available Rest Periods**

11   **Pursuant to Cal. Lab. Code § 226.7**

12   **(Against Defendant on behalf of the Class)**

13   103.   Plaintiff realleges and incorporates the foregoing paragraphs as though
14   fully set forth herein.

15   104.   Defendant routinely fails to make rest periods available to Plaintiff and
16   Class members. Plaintiff's and Class members'  schedules regularly prevented them
17   from taking rest periods throughout the day. When available, if ever, their rest breaks
18   are often not compliant. Instead, they are generally untimely, interrupted, and/or
19   shortened.

20   105.   Plaintiff and Class members also do not receive premium pay for their
21   missed rest breaks as required by California law.

22   106.   Cal. Lab. Code § 226.7 and the applicable Wage Orders require employers
23   to authorize and permit non-exempt workers to take ten minutes of net rest time per
24   four hours or major fraction thereof of work, and to pay non-exempt workers their full
25   wages during those rest periods. Unless the employee is relieved of all duty during the
26   ten-minute rest period, the employee is considered "on duty" and the rest period is
27   counted as time worked under the applicable Wage Orders.

28

107.   Under Cal. Lab. Code § 226.7(b) an employer must pay an employee denied a required rest period is required to pay one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

108.   Despite these requirements, Defendant knowingly and willfully refuses to perform its obligations to authorize and permit and/or make available to Plaintiff and Class members the ability to take compliant rest periods to which they are entitled.

109.   Defendant also fails to pay Plaintiff and Class members one hour of pay for each day Plaintiff and Class members are denied compliant rest periods. Defendant's conduct described herein violates Cal. Lab. §§ 226.7 and 512.

110.   Therefore, pursuant to Cal. Lab. Code § 226.7(b), Plaintiff and Class members are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

111.   As a proximate result of the aforementioned violations, Plaintiff and Class members have been damaged in an amount according to proof at time of trial.

112.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

## SEVENTH CAUSE OF ACTION

### Failure to Reimburse Business Expenditures

### Pursuant to Cal. Lab. Code § 2802

### (Against Defendant on behalf of the Class)

113.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

114.   Defendant does not reimburse Plaintiff and Class members for all necessary business expenditures and losses incurred in direct consequence of the discharge of their work duties.

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

115.   Cal. Lab. Code § 2802 provides in relevant part:

An employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties, or of his or her obedience to the directions of the employer, even though unlawful, unless the employee, at the time of obeying the directions, believed them to be unlawful. . . . (c) For purposes of this section, the term "necessary expenditures or losses" shall include all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section.

116.   Defendant requires Plaintiff and Class members to use their personal vehicle for substantial amounts of travel for the benefit of Defendant, as well as use their personal cell phone and cell service for business purposes. However, Defendant limited mileage reimbursement to $25 per week which did not cover all of Plaintiff's and Class members' expenses and did not pay for use of Plaintiff's and Class members' personal cell phone and service.

117.   Defendant knowingly and willfully refuses to reimburse Plaintiff and Class members for their necessary business expenses. As employees of Defendant, Plaintiff and Class members reasonably and necessarily incurred theses expenses.

118.   As a proximate result of the aforementioned violations, Defendant has damaged Plaintiff and Class members in an amount to be determined at trial.

119.   Defendant is liable to Plaintiff and Class members for the unreimbursed expenses and civil penalties, with interest thereon. Plaintiff is entitled to an award of attorneys' fees and costs as set forth below.

120.   Wherefore, Plaintiff and the putative Class requests relief as hereinafter provided.

## EIGHTH CAUSE OF ACTION

### Failure to Provide Accurate Itemized Wage Statements

### Pursuant to Cal. Lab. Code § 226

### (Against Defendant on behalf of the Class)

121.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

122.   Defendant does not provide Plaintiff and Class members with accurate itemized wage statements as required by California law.

123.   Cal. Lab. Code § 226(a) provides:

An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

124.   IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

125.   Cal. Lab. Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

126.   Defendant does not provide timely, accurate itemized wage statements to Plaintiff in accordance with Cal. Lab. Code § 226(a) and the IWC Wage Orders. The wage statements Defendant provided to Plaintiff did not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned.

127.   Plaintiff and Class members seeks to recover actual damages, costs and attorneys' fees under this section.

128.   Defendant is liable to Plaintiff and Class members for the amounts described above in addition to the civil penalties set forth herein, with interest thereon.

Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth herein, pursuant to Cal. Lab. Code § 226(e).

129.   Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

### NINTH CAUSE OF ACTION

**Waiting Time Penalties**

**Pursuant to Cal. Lab. Code §§ 201-203**

**(Against Defendant on behalf of the Class)**

130.   Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

131.   Defendant did not provide Plaintiff, and other Class members who left their employment with Defendant, with their wages when due under California law after their employment with Defendant ended.

132.   Cal. Lab. Code § 201 provides:

If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

133.   Cal. Lab. Code § 202 provides:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

134.   Cal. Lab. Code § 203 provides, in relevant part:

If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

135.   Plaintiff and some of the putative Class members left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working for the benefit

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*

of Defendant, which went unrecorded and/or uncompensated, and premium payments for noncompliant meal and rest periods.

136.    Defendant willfully refused and continues to refuse to pay Plaintiff and Class members all the wages that are due and owing to them, including but not limited to, uncompensated off-the-clock and time premium payments for missed meal and rest periods, upon the end of their employment. As a result of Defendant's actions, Plaintiff and Class members suffered substantial losses, including lost earnings, and interest.

137.    Defendant's willful failure to pay Plaintiff and Class members the wages due and owing to them constitutes a violation of Cal. Lab. Code §§ 201-202. As a result, Defendant is liable to Plaintiff and Class members for all penalties owing pursuant to Cal. Lab. Code §§ 201-203.

138.    In addition, Cal. Lab. Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the Plaintiff is entitled to penalties pursuant to Cal. Lab. Code § 203, plus interest.

139.    Wherefore, Plaintiff and the putative Class request relief as hereinafter provided.

**<u>TENTH CAUSE OF ACTION</u>**

**Unfair Competition**

**Pursuant to Business and Professions Code §§ 17200, *et seq.***

**(Against Defendant on behalf of the Class)**

140.    Plaintiff realleges and incorporates the foregoing paragraphs as though fully set forth herein.

141.    Cal. Bus. & Prof. Code § 17200, *et seq*., prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

142.    Cal. Bus. & Prof. Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

143.    Cal. Lab. Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not

1  required to work under substandard and unlawful conditions, and to protect employers
2  who comply with the law from those who attempt to gain competitive advantage at the
3  expense of their workers by failing to comply with minimum labor standards.

4      144.   Beginning on a date unknown to Plaintiff, but at since the date four years
5  prior to the filing of this lawsuit, Defendant has committed acts of unfair competition
6  as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business
7  acts and practices described in this Complaint, including, but not limited to:

8          a.  violations of Cal. Lab. Code §§ 200, 204, 1194, 1198 and IWC
9             Wage Order 4-2001 pertaining to payment of wages;

10          b.  violations of Cal. Lab. Code § 510 and IWC Wage Orders pertaining
11             to overtime;

12          c.  violations of Cal. Lab. Code §§ 226.7 and 512 pertaining to failure
13             to authorize and permit compliant meal periods and rest breaks;

14          d.  violations of Cal. Lab. Code §2802 pertaining to failure to reimburse
15             all necessary business expenses;

16          e.  violations of Cal. Lab. Code §§ 201-203 pertaining to failure to pay
17             all wages owed upon separation of employment; and

18          f.  violations of Cal. Lab. Code § 226 regarding accurate, timely
19             itemized wage statements.

20      145.   The violations of these laws and regulations, as well as of the fundamental
21  California public policies protecting wages, serve as unlawful predicate acts and
22  practices for purposes of Cal. Bus. & Prof. Code §§ 17200, *et seq*.

23      146.   The acts and practices described above constitute unfair, unlawful and
24  fraudulent business practices, and unfair competition, within the meaning of Cal. Bus.
25  & Prof. Code §§ 17200, *et seq*. Among other things, the acts and practices have taken
26  from Plaintiff's rightfully earned wages, while enabling Defendant to gain an unfair
27  competitive advantage over law-abiding employers and competitors.

28

147.   Cal. Bus. & Prof. Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

148.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

149.   Cal. Bus. & Prof. Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.

150.   Plaintiff and Class members are entitled to restitution pursuant to Cal. Bus. & Prof. Code § 17203 for all wages and payments unlawfully withheld from them during their employment. Plaintiff and Class members seek and is entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to her.

151.   Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Cal. Code Civ. Proc. §1021.5 and otherwise.

152.   Wherefore, Plaintiff and the putative Class members request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests the following relief:

1.    For a declaratory judgment that Defendant has violated the FLSA and California Labor Code as alleged herein;

2.    For a declaratory judgment that Defendant has violated California Business and Professions Code §§ 17200 *et seq.*, as a result of the aforementioned

violations of the California Labor Code and of California public policy protecting wages;

3.    For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

4.    For an order awarding Plaintiff, the Class, and Collective members compensatory damages, including lost wages, earnings, liquidated damages, penalties, premiums, and other employee benefits, reimbursement of expenses, restitution, recovery of all money/property, actual damages, and all other sums of money owed to Plaintiff, Class, and Collective members, together with interest on these amounts according to proof;

5.    For an Order awarding penalties pursuant to the Cal. Lab. Code, and the laws of the State of California, with interest thereon;

6.    For an order awarding reasonable attorneys' fees as provided by the Cal. Lab. Code, Cal. Code Civ. Proc. § 1021.5, the laws of the State of California, 29 USC § 216(b), and/or other applicable law;

7.    For all costs of suit;

8.    For interest as provided by applicable law; and

9.    For such other and further relief as the Court deems just and proper.

10.    Respectfully submitted,

Date: January 9, 2023

Carolyn H. Cottrell
Ori Edelstein
Kristabel Sandoval
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff, on behalf of all similarly situated employees*

26

1

## **DEMAND FOR JURY**

3      Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff

4 is entitled to a jury.

5

6  Date: January 9, 2023

7                     Carolyn H. Cottrell

8                     Ori Edelstein

9                     Kristabel Sandoval

SCHNEIDER WALLACE

10                  COTTRELL KONECKY LLP

11

*Attorneys for Plaintiff, on behalf of all*

12                  *similarly situated employees*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CLASS AND COLLECTIVE ACTION COMPLAINT
*Cano v. GC Services Limited Partnership*